UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAPA HULUWAZU,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM SNYDER, et al.,<br><br>    Defendants. | Case No. 17-CV-03386-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 19 |

Plaintiff Papa Huluwazu, formerly known as Craig Anthony Dillard ("Plaintiff"), appearing pro se, sues Defendants Sun Microsystems, Inc. ("Sun"), Oracle, Inc. ("Oracle"), and Share Holders Services, Inc. ("the Corporate Defendants," collectively),[1] and William Snyder ("Snyder") for claims arising from Snyder's alleged theft of Plaintiff's shares of Sun stock. Before the Court is Oracle's motion to dismiss the complaint. ECF No. 19 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court

---

[1] Defendant mistakenly named Oracle Corporation as "Oracle, Inc." and mistakenly sued Sun Microsystems, Inc. instead of its successor-in-interest, Oracle America, Inc. *See* ECF No. 19 at 1-2. Oracle Corp. also states that "Share Holder Services" is actually a department within Oracle Corp. and does not exist as an independent entity. ECF No. 39 at 3. Oracle Corp. and Oracle America, Inc. have nonetheless appeared and defended the suit on behalf of the erroneously named Defendants.

1
Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

GRANTS Oracle's motion to dismiss as to the Corporate Defendants with leave to amend. In addition, because it is clear from the Court's analysis in the instant order that the complaint also fails to state a claim against Snyder, the Court sua sponte dismisses the complaint as to Snyder with leave to amend pursuant to 28 U.S.C. § 1915(e)(2), the mandatory screening procedure of the in forma pauperis statute.

## I. BACKGROUND

### A. Factual Background

Although Plaintiff's allegations are not entirely clear, the following alleged facts appear to underpin Plaintiff's Complaint. Snyder and Plaintiff "lived together and traveled from Denver, Colorado to Boulder, Colorado" before Snyder accepted a "job as controller" with Sun. Compl. ¶ 12. "Plaintiff was asked to go on the final interview" with Snyder "and to move together if [Snyder] accepted the position." *Id.* ¶ 13. At some point, Snyder was "hired as the Certified Public Accountant (CPA) Controller of Sun Micro Systems Public Stock Holdings." *Id.* ¶ 10. Snyder's "primary responsibility was to take the corporation public." *Id.* ¶ 14.

After moving to California, Plaintiff "[p]urchase[d] his own shares of the Sun Micro Systems cooperation [sic] as penny stock prior to the cooperation [sic] going public." *Id.* ¶ 15. The Complaint does not specify how much stock Plaintiff allegedly bought.

In Plaintiff's opposition to the motion to dismiss, Plaintiff states: "Plaintiff seeks 1.9 billion times 3 for the full restitution of the stock shares." Opp. at 4. Plaintiff also states:

> After moving to California from Colorado with William (Bill) Snyder. The shares $2500.00 at .37 cent were purchased in 1984-85 as penny stock. Brought from San Rafael California Broker and the stock were never cashed by Plaintiff. The 1 million dollars at .42 cent were purchased by the late Robert Henry Kleeb Jr. which Plaintiff was listed as the beneficiary were not located or identified. The penny stocks were publicly offered shares of the Sun Micro-systems corporation. The bundled penny stock had reached $1.00 and split or doubled. This was prior to the shares being offered in New York and the Stock Exchange and the (ringing of the bell) when the shares opened at $16.00. The stock split or doubled again at $23.00 and $42.00. The shares continued to grow over 30 years until purchased by Oracle Inc. at $187.00 a share.

*Id.* at 4-5. However, the Court is limited to considering the allegations in the Complaint, as well

United States District Court
Northern District of California

as any judicially noticeable facts, on a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Plaintiff alleges that he and Snyder "were to mutually benefit from the company going public on the Stock Exchange." *Id.* ¶ 30. However, Plaintiff alleges that Snyder took Plaintiff's shares, *id.* ¶ 16, "forged his name on the stock and placed them with/as his holdings," *id.* ¶ 17, and never paid Plaintiff or gave him any money "when the corporation achieved its goal of becoming publicly traded," *id.* ¶ 18.

Plaintiff alleges that when Oracle purchased Sun, Oracle "failed to identify shares owned by Dr. Papa Huluwazu after receiving documents of name change from Craig Anthony Dillard." *Id.* ¶ 20. Plaintiff has apparently tried several times to "communicate and secure said securities" without success. *Id.* ¶ 21.

**B.     Procedural History**

Plaintiff filed the instant complaint on June 12, 2017. ECF No. 1. On June 19, 2017, Magistrate Judge Howard Lloyd granted Plaintiff's application to proceed in forma pauperis and directed the U.S. Marshal for the Northern District of California to serve the summons and complaint upon Defendants. ECF No. 6. Also on June 19, 2017, the Clerk sent a letter to Plaintiff requesting Defendants' addresses so that the Marshal could complete service. ECF No. 7. On July 26, 2017, Plaintiff responded to the Clerk's letter and, as is relevant here, listed two addresses for Snyder: 2900 N. Polk St., San Francisco, CA and 2235 N. Bay St., San Francisco, CA 94109. ECF No. 9. The Clerk issued a summons for Snyder using the 2900 N. Polk St. address. ECF No. 10.

On September 11, 2017, the Corporate Defendants filed the instant motion to dismiss. ECF No. 19. Also on September 11, 2017, Plaintiff filed a motion for entry of default against all Defendants. ECF No. 24. On September 12, 2017, Plaintiff filed another motion for entry of default. ECF No. 27. On September 13, 2017, the Clerk declined to enter default against

3

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1 Defendants. ECF No. 32.

2 On September 20, 2017, the U.S. Marshal returned the executed summonses as to the Corporate Defendants. ECF Nos. 34-36. However, on October 2, 2017, the U.S. Marshal returned the summons unexecuted as to Snyder because "[t]he address 2900 N. Polk does not exist." ECF No. 37. There is no indication from the docket that Plaintiff was notified of the problem with the summons.

Under the Civil Local Rules, Plaintiff's response to the motion to dismiss was due on September 25, 2017. *See* Civil Local Rule 7-3(a). Plaintiff filed an opposition to the motion to dismiss on October 2, 2017. ECF No. 38 ("Opp."). The opposition was dated September 26, 2017. *Id.* at 6. On October 5, 2017, the Corporate Defendants filed a reply. ECF No. 39 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

4
Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Nor is the Court required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Specifically, the Ninth Circuit has held that averments of fraud "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id.* at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

**C. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

5
Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

The Court first considers the Corporate Defendants' request for judicial notice. The Court then analyzes the motion to dismiss. Finally, the Court addresses Plaintiff's claims against Snyder.

### A. Request for Judicial Notice

The Corporate Defendants request that the Court take judicial notice of two facts: (1) that the initial public offering of Sun took place in March 1986; and (2) that Oracle completed its acquisition of Sun in January 2010. ECF No. 20. Plaintiff has not opposed this request.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint [or whose contents are essential to a claim] and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (as amended). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The Ninth Circuit has stated that district courts may properly take judicial notice of SEC filings. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, SEC filings contain both of the facts of which the Corporate Defendants request

6

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

judicial notice. *See* Sun Post-Effective Amendment No. 1. To Form S-3, found at https://www.sec.gov/Archives/edgar/data/709519/000119312510013763/dposam.htm (stating that merger with Oracle was completed on January 26, 2010); Sun Form 10-k for the fiscal year ending June 30, 1994, found at https://www.sec.gov/Archives/edgar/data/709519/0000891618-94-000198.txt, at 19 n.1 (incorporating by reference Sun's S-1 registration statement, which became effective on March 4, 1986). Accordingly, the Corporate Defendants' request for judicial notice is GRANTED.

### B. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted

As an initial matter, Plaintiff's Complaint does not explicitly specify the basis for invoking the Court's subject matter jurisdiction. The Complaint merely states that jurisdiction is invoked "pursuant to federal law." Compl. ¶ 6. However, the Court has determined that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. *See* Compl. ¶¶ 1-4, 22.

Plaintiff's Complaint alleges four causes of action: fraud, negligence, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. *See id.* ¶¶ 9-53. It is not clear which causes of action are asserted against which Defendants. The Corporate Defendants argue that to the extent any of these causes of action are asserted against the Corporate Defendants, all such causes of action are barred by any applicable statute of limitations. Mot. at 2-3. The Corporate Defendants are correct. In addition, the Complaint's fraud cause of action fails to satisfy Rule 9(b)'s heightened pleading standard. The Court addresses each cause of action in turn.

#### 1. Fraud

First, the fraud cause of action is subject to a three-year limitations period pursuant to California Code of Civil Procedure § 338(d), which governs "[a]n action for relief on the ground of fraud." A fraud cause of action accrues when the aggrieved party discovers the facts constituting the fraud. In the instant case, Plaintiff appears to allege that the action constituting the fraud—Snyder's alleged theft of Plaintiff's Sun shares and forging of Plaintiff's signature—

7

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

happened before Sun went public, which was in 1986. *See* Compl. ¶¶ 15-19. Moreover, although the Court cannot base its ruling on a motion to dismiss on new facts alleged in Plaintiff's Opposition, the Court notes that Plaintiff alleges in the Opposition that he contacted Sun to seek his stock in 2003 "after several attempts were made to get the stock shares back from William Snyder." Opp. at 5. Thus, Plaintiff concedes that he was aware of the facts of the fraud at least as of 2003, making the Complaint untimely by at least eleven years.

Plaintiff also alleges in the Complaint that "[w]hen Oracle purchased Sun," the Corporate Defendants "failed to identify shares owned by Dr. Papa Huluwazu after receiving documents of name change from Craig Anthony Dillard." *Id.* ¶ 20. As stated above, Oracle completed its acquisition of Sun in 2010. As a result, to the extent Plaintiff attempts to state a cause of action for fraud against the Corporate Defendants, Plaintiff's Complaint is untimely by at least four years, as the Complaint shows that Plaintiff was aware of any fraudulent actions by the Corporate Defendants at the latest in 2010.

Finally, to the extent Plaintiff intends to state a fraud claim against the Corporate Defendants, the Complaint fails to satisfy Rule 9(b)'s heightened pleading standards. Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003) (citation omitted). When there are multiple defendants in a case, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform

8

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz*, 476 F.3d at 764–65 (citation omitted). Here, Plaintiff does not identify what actions or representations of the Corporate Defendants are fraudulent, nor does Plaintiff specify the time, place, or identity of the parties to the misrepresentations. As such, the Complaint fails to satisfy Rule 9(b). As a result, the motion to dismiss the fraud cause of action is GRANTED.

### 2. Negligence

The negligence cause of action is subject to a two-year limitations period pursuant to California Code of Civil Procedure § 339(1), which governs "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing," as well as "an action founded upon a contract, obligation or liability, evidenced by a certificate." California courts have held that the two-year limitations period of § 339 applies to professional negligence actions. *See, e.g.*, *Hydro-Mill Co. v. Hayward, Titlton & Rolapp Ins. Assocs., Inc.*, 10 Cal. Rptr. 3d 582, 590 (Ct. App. 2004) (stating that § 339 governs claim for professional negligence); *Burt v. Irvine Co.*, 47 Cal. Rptr. 392, 416 (Ct. App. 1965) (holding that negligence action against directors of company covered by § 339). Based on the allegations in the Complaint, the negligence cause of action began to accrue at the latest in 2010. The Complaint, filed in 2017, is thus untimely.

Moreover, even if the negligence claim were somehow subject to the four-year limitations period of § 337 for an action arising from a written contract or § 343, the default statute of limitations for actions "not otherwise provided for," the Complaint would still be untimely as such a four-year limitations period would have expired in 2014, based on the facts alleged in the Complaint. Accordingly, the motion to dismiss the negligence cause of action is GRANTED.

### 3. Unjust Enrichment

An unjust enrichment cause of action would typically be covered by the two-year limitations period of § 339(1). *See H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp.*, 160 Cal. Rptr. 411, 418 n.5 (Ct. App. 1979). However, an unjust enrichment claim based on fraud or mistake is subject to § 338(d)'s three year limitations period. *See FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 50 (Ct. App. 2008); *First Nationwide Savings v. Perry*, 15 Cal. Rptr.

9

2d 173, 181 (Ct. App. 1992). For the same reasons that the Court explained above, the unjust enrichment cause of action is thus at least four years late. Accordingly, the motion to dismiss the unjust enrichment cause of action is GRANTED.

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing

Finally, the cause of action for breach of the implied covenant of good faith and fair dealing is subject to § 339(1)'s two year limitations period because Plaintiff does not allege the existence of a written contract. *See Hidalgo v. Kazi Foods, Inc.*, B247488, 2014 WL 6694524, at *8 (Cal. Ct. App. Nov. 26, 2014) ("Because plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing is based 'upon a contract, obligation or liability not founded upon an instrument of writing,' it too is subject to the two-year statute of limitations set forth in Code of Civil Procedure section 339."); *Mktg. W., Inc. v. Sanyo Fisher (USA) Corp.*, 7 Cal. Rptr. 2d 859, 865 (Ct. App. 1992) (applying § 339(1) to claim for breach of the implied covenant where contract was oral). As a result, for the reasons explained above, the breach of the implied covenant cause of action is at least five years too late. The motion to dismiss the implied covenant cause of action is GRANTED.

### 5. Leave to Amend

With regard to pro se plaintiffs, the Ninth Circuit has instructed that "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). The facts alleged in the Complaint clearly establish that all causes of action are untimely by at least four years and possibly up to thirty years. Nothing in the Complaint or Opposition suggests Plaintiff would be able to amend to cure these deficiencies. Indeed, in the Opposition, rather than responding to the Corporate Defendants' statute of limitations argument, Plaintiff admitted that by 2003 he had attempted to recover his stock from both Snyder and Sun. Opp. at 5. As a result, there is no way that Plaintiff could amend to cure the deficiencies of the Complaint unless equitable tolling or equitable estoppel applies. Plaintiff will thus be granted leave to amend because it is conceivable

10

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   he could plead facts that would establish equitable tolling or equitable estoppel.

## C. Sua Sponte Dismissal of Claims Against Snyder

"A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Esonwune v. Regents Univ. of Cal.*, No. 17-cv-01102-LB, 2017 WL 2630113, at *3 (N.D. Cal. June 19, 2017); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming sua sponte dismissal). Specifically, 28 U.S.C. § 1915(e)(2)-(e)(2)(B)(ii) states, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." It is clear from the Court's discussion above that the instant Complaint fails to state a claim upon which relief can be granted because all claims are time-barred. Thus, under 28 U.S.C. § 1915(e)(2)'s mandatory screening provision, the Court must dismiss the Complaint as to Snyder, even though Snyder has not yet been served. *See Esonwune*, 2017 WL 2630113 at *3-4 (sua sponte dismissing complaint as to newly added defendant for same reasons that court dismissed complaint challenged by other defendants in a motion to dismiss); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (affirming sua sponte dismissal under § 1915(e)(2)(B)(ii)). However, Plaintiff is granted leave to amend his claims against Snyder because Plaintiff may be able to allege equitable tolling or equitable estoppel.

## IV. CONCLUSION

For the foregoing reasons the Court GRANTS the motion to dismiss with leave to amend. Plaintiff shall file his amended complaint, if any, within 30 days. Plaintiff may not add new causes of action or new parties without a stipulation or leave of the Court. Any amended complaint will be subject to the in forma pauperis mandatory screening pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint within 30 days or fails to cure the deficiencies identified in this order, the claims dismissed in this order will be dismissed with

11

Case No. 17-CV-03386-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

prejudice. If the Court determines that any amended complaint survives the mandatory screening of § 1915(e), the Court will direct the Clerk to obtain from Plaintiff an updated address for Snyder to amend the relevant summons.

**IT IS SO ORDERED.**

Dated: December 4, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge